IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DYLAN J. MAHO,

    Plaintiff,

  v.                                                                     No. 16-CV-00796-KG-LAM

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), on Plaintiff Dylan J. Maho's Civil Rights Complaint pursuant to 42 U.S.C. § 1983, filed on July 7, 2016. [Doc. 1] Also before the Court is Plaintiff's Summary Judgment Motion, filed on April 11, 2017. [Doc. 16] Plaintiff was incarcerated at the time of filing, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's summary judgment motion will be denied, the complaint will be dismissed without prejudice for failure to state a claim on which relief may be granted, and Plaintiff will be afforded thirty (30) days in which to file an amended complaint that complies with the standards set forth in this Memorandum Opinion and Order.

## I.    BACKGROUND

In his complaint, Plaintiff alleges that Defendant Bernalillo County Metropolitan Detention Center (BCMDC) violated his constitutional rights by failing to follow the policies set forth in the 2014 Inmate Handbook. Specifically, Plaintiff alleges that: (1) inmates are subjected to an unconstitutional strip search and a radiating metal detector upon entry into

BCMDC; (2) inmates are fed known carcinogens (such as processed meats); (3) breakfast is served between 4:00 and 4:30 a.m., instead of at 6:00 a.m.; (4) meals are delivered by inmate workers, instead of correctional officers; (5) too much ice is included in the inmates' beverages; (6) inmates are not provided with proper medical care (for example, an infection in Plaintiff's eye was misdiagnosed); (7) inmates are required to wear their uniforms at all times; (8) inmates are required to make their beds; (9) inmates' private telephone calls are recorded and shared with the District Attorney; (10) inmates' incoming mail is limited to four pages; and (10) inmates are not allowed to receive books in the mail. Plaintiff's complaint seeks compensatory damages in the amount of $160,000 and constitutional training for all BCMDC staff. [Doc. 1 at 7]

On February 2, 2017, Plaintiff submitted two documents in support of the § 1983 claims raised in his complaint: (1) a letter from Randy Chavez, a New Mexico County Insurance Authority Claims Examiner, denying the claims in Plaintiff's complaint; and (2) a copy of the 2014 Inmate Handbook. [Doc. 15] On April 11, 2017, Plaintiff filed a Summary Judgment Motion, requesting the entry of summary judgment pursuant to Fed. R. Civ. P. 56 because the "Defense has not responded to any of the issues Plaintiff raised" and "it appears the defendant has no defense." [Doc. 16]

## II.   DISCUSSION

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the

same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

With this standard in mind, the Court will review Plaintiff's Summary Judgment Motion and screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

A.  *Plaintiff's Summary Judgment Motion Will Be Denied*

Pursuant to Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A summary judgment motion must be supported by citation to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Furthermore, the Local Civil Rules of the United States District Court for the District of New Mexico require a party moving for summary judgment to "file with the motion a written memorandum containing a short, concise statement of the reasons in support of the motion with a list of authorities relied upon (the 'Memorandum')." D.N.M.LR-Civ. 56.1(b). "The Memorandum must set out a concise statement of all the material facts as to which the movant contends that no genuine issues exists. The facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies." *Id.*

Plaintiff's summary judgment motion is not supported by citations to the record, is not accompanied by a written memorandum, and does not include a concise statement of the reasons in support of the motion with a list of authorities relied upon. Plaintiff's "pro se status does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure," *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), or "simple

nonburdensome local rules," *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). Accordingly, Plaintiff's summary judgment motion will be denied.

Because Plaintiff is proceeding pro se, the Court can "ignore the legal label" that Plaintiff attached to his summary judgment motion "and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). Plaintiff's motion seeks the entry of judgment in his favor because the "Defense has not responded to any of the issues Plaintiff raised" and "it appears the defendant has no defense." [Doc. 16] To the extent that Plaintiff moves the Court to enter default judgment in his favor, Plaintiff's motion will be denied.

Default judgment cannot be entered against a defendant unless service of process has been effected or the defendant waives service of process. *See Hukill v. Oklahoma Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (noting that "[a] default judgment in a civil case is void if there is no personal jurisdiction over the defendant. . . . [a]nd service of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts personal jurisdiction over the person of the party served" (internal quotation marks and citations omitted)); *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) ("[A]n entry of default judgment against [a defendant] before it had any obligation to file an answer, would [be] incorrect as a matter of law."). Additionally, Plaintiff's civil rights complaint is governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, which provides, in relevant part, as follows:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the

> complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

§ 1997e(g)(1). Thus, "defendants can waive their right to reply to a prisoner complaint without the usual consequence of being deemed to have admitted the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Defendant BCMDC has not yet been served with process, waived service of process, or filed a reply to Plaintiff's complaint. Therefore, Plaintiff is not entitled to default judgment at this time.

B.   *Plaintiff's Complaint [Doc. 1] Will Be Dismissed For Failure To State A Claim On Which Relief May Be Granted Pursuant to § 1915(e)(2)*

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff's complaint names BCMDC as the sole named Defendant. [Doc. 1] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although municipalities and local governments are "persons" who may be sued under § 1983, *see Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 (1978), "[g]enerally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished). Defendant BCMDC is a governmental sub-unit and, as such, it "is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n.3 (10th Cir. June 21, 2000) (unpublished); *see also White v. Utah*, 5 F. App'x 852, 853 (10th Cir. March 1, 2001) (unpublished). Therefore, Plaintiff's § 1983 claim against Defendant BCMDC will be dismissed with prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

Because Plaintiff is proceeding pro se, this Court has the authority to "look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007). To the extent that Plaintiff's complaint liberally may be construed to name the Bernalillo County Board of County Commissioners as a defendant,[1] the Court notes that a county "cannot be held liable under section 1983 on a *respondeat superior* theory for merely employing a tortfeasor." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (citing *Monell*, 436 U.S. 658)). Rather, counties "are subject to liability only for their official policies or customs." *Id.* Plaintiff's complaint does not allege that the policies in the 2014 Inmate Handbook violated his constitutional rights. Rather, Plaintiff contends that unidentified "BCMDC staff and its contracted employees" acted in direct

---

[1] New Mexico state law governs the capacity of a governmental entity to be sued. *See* Fed. R. Civ. P. 17(b). Under New Mexico law, counties are granted the same powers as municipalities and, therefore, may sue and be sued. *See* NMSA 1978, §§ 3-18-1(A); 4-37-1. However, suits against a New Mexico county must be brought against "the board of county commissioners of the county of [the appropriate county]." NMSA 1978, § 4-46-1.

6

contradiction of the county's policies, resulting in a violation of his constitutional rights. Therefore, Plaintiff's complaint fails to state a claim for relief against the Bernalillo County Board of County Commissioners.

To the extent that Plaintiff's complaint liberally may be construed to name "Nurse Tony" as a defendant, the Court concludes that the allegations raised therein fail to state a claim for the violation of Plaintiff's constitutional rights. A prison official's "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). However, this "does not mean . . . that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Notably, "accidental or inadvertent failure to provide medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). This is because "the medical judgment of a physician, even if grossly negligent, is not subject to second-guessing in the guise of the Eighth Amendment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

Plaintiff's complaint alleges that, on November 3, 2015, Plaintiff "awoke in BCMDC with a red hurting left eye." [Doc. 1 at 3] Plaintiff saw Nurse Tony the next day, who informed Plaintiff that his "eye was fine" and prescribed artificial tears. [Doc. 1 at 3] Plaintiff's eye continued to worsen and he "confronted Nurse Tony in [his] pod on Nov. 18, 2015." [Doc. 1 at 3] Plaintiff saw a doctor, who prescribed antibiotics to treat his eye. Plaintiff's complaint alleges that "BCMDC medical misdiagnosed" his eye infection and "attempted to mask the symptoms instead of curing [his] problem." [Doc. 1 at 3] Nurse Tony's alleged misdiagnosis of Plaintiff's eye infection does not rise to the level of a constitutional violation and, therefore,

Plaintiff's § 1983 claim against Nurse Tony is subject to dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Lastly, Plaintiff's complaint alleges that Sergeant Cavis sent Plaintiff "to solitary confinement for several days and took away [his] commissary and visiting privileges for three weeks" without "any due process" because Plaintiff failed to wear his uniform all day. "The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property. Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, a due process violation may occur if the change in classification "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin*, the United States Supreme Court held that the imposition of "discipline in segregated confinement" for thirty days "did not present the type of atypical, significant deprivation in which a State might conceivably create liberty interest." *Id.* at 486. The Court noted that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. In light of *Sandin*, the Court concludes that the factual allegations in Plaintiff's complaint fail to state a claim for relief against Sergeant Cavis under § 1983.

The Court will afford Plaintiff an opportunity to file an amended complaint, within thirty (30) days of the date of entry of this Memorandum Opinion and Order, that identifies the "persons" responsible for the alleged constitutional violations under § 1983. The Court emphasizes that in § 1983 actions seeking to impose personal liability on multiple governmental defendants in their individual capacity, "it is particularly important . . . that the complaint make

clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. *Id.* (emphasis in original; internal quotation marks and citation omitted). Specifically, Plaintiff's amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Failure to timely file an amended complaint that complies with the standards set forth above may result in the dismissal of this action without further notice.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Summary Judgment Motion will be denied, Plaintiff's complaint will be dismissed without prejudice pursuant to § 1915(e)(2), and Plaintiff will be afforded thirty (30) days in which to file an amended complaint that conforms with the standards set forth in this Memorandum Opinion and Order.

IT IS THEREFORE ORDERED that Plaintiff's Summary Judgment Motion [Doc. 16] is DENIED;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against BCMDC are DISMISSED with prejudice; and BCMDC is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983 [Doc. 1] is DISMISSED without prejudice; and Plaintiff is afforded thirty (30) days in which to file an amended complaint that conforms with the standards set forth in this Memorandum Opinion and Order;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE