## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DYLAN J. MAHO,

      Plaintiff,

   v.                                     No. 16-CV-00796-KG-KRS

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,

      Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff Dylan J. Maho's response to the Court's June 8, 2017, Order Denying Motion For Summary Judgment And Requiring Plaintiff To Show Cause. [Doc. 21]. Plaintiff asks the Court "not to dismiss this case because there are several unlawful actions committed by the Defendant." [Doc. 21]. Attached to Plaintiff's response is a copy of his original Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed on July 7, 2016, which Plaintiff states "show[s] instances of civil rights deprivation and therefore need for relief." [Doc. 21]. As explained in the Court's April 19, 2017, Memorandum Opinion and Order, Plaintiff's original complaint fails to state a claim on which relief may be granted under 42 U.S.C. § 1983. [*See* Doc. 17]. The Court has given Plaintiff abundant guidance regarding the legal standards governing his civil rights claims and ample opportunity to file an amended complaint that complies with those standards, but Plaintiff has failed to do so. Therefore, this action will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), a strike will be imposed under 28 U.S.C. § 1915(g), and judgment will be entered.

On July 7, 2016, Plaintiff filed a Prisoner's Civil Rights Complaint against Defendant

Bernalillo County Metropolitan Detention Center (BCMDC).  [Doc. 1].  On April 11, 2017,

Plaintiff filed a motion for summary judgment, asking for "summary judgment on the proven

claims in the Complaint . . . pursuant to Fed. R. Civ. P. 56" because "Defense has not responded

to any issues Plaintiff raised, it appears the defendant has no defense."  [Doc. 16].

On April 19, 2017, the Court issued a Memorandum Opinion and Order denying

Plaintiff's motion for summary judgment, dismissing Plaintiff's complaint without prejudice, and

granting Plaintiff thirty days in which to file an amended complaint.  [Doc. 17].  Specifically, the

Court denied Plaintiff's motion for summary judgment because it failed to comply with the

Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for

the District of New Mexico.  Additionally, the Court dismissed Plaintiff's 42 U.S.C. § 1983

claims against Defendant BCMDC with prejudice because BCMDC "is a governmental sub-unit

and, as such, it is not a person or legally created entity capable of being sued" under § 1983.

[Doc. 17 at 6 (internal quotation marks and citation omitted)].  Because Plaintiff's complaint did

not contain any colorable claims against any cognizable defendants, the Court dismissed the

remainder of Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

and granted Plaintiff thirty days in which to file an amended complaint that "identifies the

'persons' responsible for the alleged constitutional violations under § 1983."  [Doc. 17 at 8].

The Court informed Plaintiff that his amended complaint "must explain what each defendant did

to him . . .; when the defendant did it; how the defendant's action harmed him. . .; and what

specific legal right the plaintiff believes the defendant violated."  [Doc. 17 at 9 (internal

quotation marks and citation omitted)].  The Court warned Plaintiff that "[f]ailure to timely file

an amended complaint that complies with the standards set forth above may result in the

dismissal of this action without further notice."  [*Id.*].

Plaintiff failed to timely file an amended complaint, but he did file a Motion For Summary Judgment on May 9, 2017.  [Doc. 19].  On June 8, 2017, the Court denied Plaintiff's Motion For Summary Judgment because it failed to comply with the federal and local rules of civil procedure, but more importantly because "Plaintiff's civil rights complaint has been dismissed and, as such, there are no pending claims against any named or unnamed defendant(s)."  [Doc. 20 at 3].  The Court ordered Plaintiff to file, on or before July 11, 2017, "an amended complaint that complies with the standards set forth in the Court's April 19, 2017, Memorandum Opinion and Order or show cause why this action should not be dismissed." [Doc. 20 at 3].  The Court warned Plaintiff that failure to timely file an amended complaint or to show cause "will result in dismissal of this action without prejudice without further notice." [Doc. 20 at 3].

On July 12, 2017, Plaintiff filed the present response Showing Cause To Proceed, which re-submits the dismissed original complaint and asks the Court to "not dismiss this case because there are several unlawful actions committed by the Defendant."  [Doc. 21].  As explained in the Court's April 19, 2017, Memorandum Opinion and Order, Plaintiff's original complaint fails to state a claim on which relief may be granted under 42 U.S.C. § 1983.   [*See* Doc. 17].  Therefore, to the extent that Plaintiff re-submits his original complaint as an amended complaint, it is dismissed for the reasons set forth in the Court's April 19, 2017, Memorandum Opinion and Order.  The Court has afforded Plaintiff guidance on the legal standards governing his civil rights claims and multiple opportunities to file an amended complaint that complies with those standards, but Plaintiff has failed to do so.  *See* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal if "the plaintiff fails to prosecute or to comply with these rules or a court order").  Therefore, this action will be dismissed without prejudice pursuant to 28 U.S.C. §§

1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may be granted.

The dismissal of this action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) counts as a strike under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). *See Hafed v. Bureau of Prisons*, 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of action as frivolous, malicious, or for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A counts as strike under § 1915(g)). The Court notifies Plaintiff that if he accrues three strikes under the PLRA, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice; a strike is IMPOSED under 28 U.S.C. § 1915(g); and judgment will be entered.

UNITED STATES DISTRICT JUDGE

4